GIBSON, DUNN & CRUTCHER LLP
JASON C. SCHWARTZ, admitted *pro hac vice*
    jschwartz@gibsondunn.com
JOSHUA S. LIPSHUTZ, SBN 242557
    jlipshutz@gibsondunn.com
GRETA B. WILLIAMS, SBN 267695
    gbwilliams@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: 202.955.8500
Facsimile:  202.467.0539

RACHEL S. BRASS, SBN 219301
    rbrass@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:  415.393.8200
Facsimile:  415.393.8306

Attorneys for Amazon.com, Inc.

*Additional attorneys and parties listed on the signature page.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BRADLEY, et al., | CASE NO. 5:17-cv-07232-BLF |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE CLASS AND COLLECTIVE ALLEGATIONS** |
| v. | |
| T-MOBILE US, INC., et al., | **Hearing:** |
| Defendants. | Date:        January 24, 2019<br>Time:        9:00 a.m.<br>Place:       San Jose Courthouse, Courtroom 3<br>Judge:      Hon. Beth L. Freeman |

Gibson, Dunn &
Crutcher LLP

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on January 24, 2019, or as soon thereafter as the matter may be heard before the Honorable Beth L. Freeman, in Courtroom 3 of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, California 95113, Defendants Amazon.com, Inc., T-Mobile US, Inc., Cox Communications, Inc., and Cox Media Group, LLC (collectively "Defendants") will and hereby do move this Court for an order striking Plaintiffs' class and collective allegations under Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D).

Defendants' arguments in support of their Motion to Strike are set forth in the Memorandum of Points and Authorities below.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. ALLEGED FACTS AND PROCEDURAL HISTORY ...................................................... 2

III. ARGUMENT ..................................................................................................................... 2

    A.    Plaintiffs' Proposed Plaintiff Class Cannot Satisfy The Requirements Of Rule 23........................................................................................................................... 2

        1.    Plaintiffs' Proposed Class Definition Is Not Ascertainable. ........................... 3

        2.    Plaintiffs' Proposed Class Does Not Satisfy Rule 23(a)'s Commonality Requirement Or Rule 23(b)(3)'s Predominance Requirement......................... 5

    B.    Plaintiffs Cannot Satisfy The Rule 23 Requirements With Respect To The Proposed Defendant Class. ........................................................................................... 9

    C.    Plaintiffs Cannot Show That Members Of Their Proposed Collective Are Similarly Situated................................................................................................... 11

IV. CONCLUSION ............................................................................................................... 13

Gibson, Dunn & Crutcher LLP

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Akerman v. Oryx Commc'ns,*

5
    Inc., 609 F. Supp. 363, 375 (S.D.N.Y. 1984), *aff'd and remanded*, 810 F.2d 336
    (2d Cir. 1987) .................................................................................................................11

6

*Beahm v. City of Bremerton,*

7
    2010 WL 1141476 (W.D. Wash. Mar. 22, 2010) ...........................................................7

8

*Beito v. Westwood Place, Inc.,*

9
    2014 WL 3101321 (D. Minn. July 8, 2014)....................................................................6

10

*Bellinger v. Coos Bay Sch. Dist.,*
    711 F. App'x 398 (9th Cir. 2017) ..................................................................................8

11

*Berger v. Prop. I.D. Corp.,*

12
    2008 WL 11334980 (C.D. Cal. Apr. 28, 2008) ...........................................................11

13

*Berndt v. Cal. Dep't of Corrs.,*
    2010 WL 2035325 (N.D. Cal. May 19, 2010) ..............................................................4

14

*Bias v. Wells Fargo & Co.,*

15
    312 F.R.D. 528 (N.D. Cal. 2015)...................................................................................5

16

*Brazil v. Dell Inc.,*

17
    585 F. Supp. 2d 1158 (N.D. Cal. 2008) .........................................................................4

18

*Brunner v. Jimmy John's, LLC,*
    2015 WL 5086388 (N.D. Ill. Aug. 19, 2015)..............................................................11

19

*Byrd v. Dillard's, Inc.,*

20
    892 So.2d 342 (Ala. 2004) .............................................................................................6

21

*Cady v. Anthem Blue Cross Life & Health Ins. Co.,*

22
    583 F. Supp. 2d 1102 (N.D. Cal. 2008) .......................................................................11

23

*Clark v. McDonald's Corp.,*
    213 F.R.D. 198 (D.N.J. 2003) ......................................................................................10

24

*Comcast Corp. v. Behrend,*

25
    569 U.S. 27 (2013).........................................................................................................3

26

*Comm'r of IRS v. Schleier,*

27
    515 U.S. 323 (1995).......................................................................................................6

28

*Cotton v. City of Alameda,*
    812 F.2d 1245 (9th Cir. 1987)........................................................................................8

*Darisse v. Nest Labs, Inc.*,
   2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) (Freeman, J.) .........................................5

*Diacakis v. Comcast Corp.*,
   2013 WL 1878921 (N.D. Cal. May 3, 2013) .................................................................4

*Douchette v. Bethel Sch. Dist. No. 403*,
   818 P.2d 1362 (Wash. 1991)..........................................................................................7

*Geltzer v. Virtua W. Jersey Health Sys.*,
   804 F. Supp. 2d 241 (D.N.J. 2011) ...............................................................................7

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982).......................................................................................................2

*Greenhouse v. Greco*,
   617 F.2d 408 (5th Cir. 1980)........................................................................................10

*Gross v. FBL Fin. Servs., Inc.*,
   557 U.S. 167 (2009).......................................................................................................6

*Harris v. City of Santa Monica*,
   56 Cal. 4th 203 (2013) ...................................................................................................6

*Heath v. Google Inc.*,
   215 F. Supp. 3d 844 (N.D. Cal. 2016) (Freeman, J.) ....................................8, 9, 11, 12

*Henson v. E. Lincoln Twp.*,
   814 F.2d 410 (7th Cir. 1987)....................................................................................9, 10

*Hovsepian v. Apple Inc.*,
   2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ..............................................................5

*Kim v. Shellpoint Partners LLC*,
   2016 WL 1241541 (S.D. Cal. Mar. 30, 2016) ...............................................................9

*Kline v. Coldwell, Banker & Co.*,
   508 F.2d 226 (9th Cir. 1974).....................................................................................9, 10

*Lee v. Children's Place Retail Stores, Inc.*,
   2014 WL 5100608 (N.D. Ill. Oct 8, 2014) ..................................................................11

*Leer v. Wash. Educ. Ass'n*,
   172 F.R.D. 439 (W.D. Wash. 1997) .............................................................................10

*Litty v. Merrill Lynch & Co.*,
   2014 WL 5904904 (C.D. Cal. Nov. 10, 2014) .............................................................11

*Marsh v. First Bank of Del.*,
   2014 WL 2085199 (N.D. Cal. May 19, 2014) ...............................................................5

Gibson, Dunn &
Crutcher LLP

*Martini v. Boeing Co.*,
    971 P.2d 45 (Wash. 1999) ................................................................................................7

*Mazza v. Am. Honda Motor Co., Inc.*,
    666 F.3d 581 (9th Cir. 2012) .......................................................................................5, 7

*McKinnon v. Dollar Thrifty Auto. Grp., Inc.*,
    2015 WL 4537957 (N.D. Cal. July 27, 2015) ...............................................................4

*Metz v. Titanium Metals Corp.*,
    2011 WL 13186529 (S.D. Ohio Jan. 5, 2011) ..............................................................7

*Meyer v. UPS, Inc.*,
    909 N.E.2d 106 (Ohio 2009) ........................................................................................7

*Move, Inc. v. Real Estate Alliance Ltd.*,
    2009 WL 10672609 (C.D. Cal. Aug. 17, 2009) ......................................................9, 10

*Najjar v. Mirecki*,
    2013 WL 3306777 (S.D.N.Y. July 2, 2013) .................................................................7

*Paxman v. Campbell*,
    612 F.2d 848 (4th Cir. 1980) .......................................................................................10

*Pepka v. Kohl's Dep't Stores, Inc.*,
    2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) .............................................................9

*Perry v. Batesville Casket Co.*,
    551 F. App'x 987 (11th Cir. 2014) ...............................................................................6

*Rabin v. PwC*,
    No. 16-cv-02276-JST, Order Denying Collective Certification, Dkt. 236 (July 26,
    2018) ................................................................................................................8, 11, 12

*Rodriguez v. Raymours Furniture Co.*,
    138 A.3d 528 (N.J. 2016) .............................................................................................7

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) .........................................................................3

*Schuler v. PWC, LLP*,
    595 F.3d 370 (D.C. Cir. 2010) .....................................................................................6

*Senne v. Kan. City Royals Baseball Corp.*,
    315 F.R.D. 523 (N.D. Cal. 2016), *appeal docketed*, Nos. 17-16245, 17-16267, 17-
    16276 (9th Cir. June 20, 2017) .....................................................................................4

*Shea v. Icelandair*,
    925 F. Supp. 1014 (S.D.N.Y. 1996) ............................................................................7

*Stearns v. Select Comfort Retail Corp.*,
    763 F. Supp. 2d 1128 (N.D. Cal. 2010) .................................................................9

*Stockwell v. City & Cty. of S.F.*,
    2015 WL 2173852 (N.D. Cal. May 8, 2015) ........................................................8

*Tan v. Grubhub, Inc.*,
    2016 WL 4721439 (N.D. Cal. July 19, 2016) .......................................................3

*Thompson v. Bd. of Educ. of Romeo Cmty. Sch.*,
    709 F.2d 1200 (6th Cir. 1983) .............................................................................10

*Tietsworth v. Sears*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ..........................................................3, 5

*Tilley v. TJX Cos.*,
    345 F.3d 34 (1st Cir. 2003) .................................................................................10

*Vinole v. Countrywide Home Loans, Inc.*,
    571 F.3d 935 (9th Cir. 2009) .................................................................................3

*Xavier v. Philip Morris USA Inc.*,
    787 F. Supp. 2d 1075 (N.D. Cal. 2011) ...........................................................3, 4

**Statutes**

29 U.S.C. § 216(b) ......................................................................................................11

29 U.S.C. § 626(b) ......................................................................................................11

29 U.S.C. § 626(d)(1) ...................................................................................................6

29 U.S.C. § 631(a) ........................................................................................................6

Ala. Code § 25-1-21 ......................................................................................................6

Ala. Code § 25-1-29 ......................................................................................................6

Cal. Gov. Code, §§ 12926(b) .......................................................................................6

Cal. Gov. Code §§ 12940, 12965(b) ............................................................................6

Cal. Gov. Code § 12965(b) ...........................................................................................6

D.C. Code § 2-1401.02(2) .............................................................................................6

D.C. Code § 2-1403.16(a) ..............................................................................................6

Minn. Stat. Ann. § 363A.03(2) ....................................................................................6

Minn. Stat. Ann. § 363A.28(3) ....................................................................................6

Minn. Stat. Ann. § 363A.29, subd. 4.....................................................................................6

N.J. Stat. Ann. § 10:5-12(a) ................................................................................................7

N.J. Stat. Ann. § 10:5-13 .....................................................................................................7

N.Y. Exec. Law § 296-3a(b) ................................................................................................7

N.Y. Exec. Law § 297(5) ......................................................................................................7

N.Y. Exec. Law § 297(9) ......................................................................................................7

Ohio Rev. Code Ann. § 4112.01(A)(14).............................................................................7

Ohio Rev. Code Ann. § 4112.02(L) .....................................................................................7

Ohio Rev. Code Ann. § 4112.14(B).....................................................................................7

Wash. Rev. Code Ann. § 49.44.090(2) ................................................................................7

**Rules**

Fed. R. Civ. P. 12(f) .........................................................................................................2, 11

Fed. R. Civ. P. 23(a)(2) ......................................................................................................10

Fed. R. Civ. P. 23(b)(2)....................................................................................................9, 10

Fed. R. Civ. P. 23(b)(3).......................................................................................................10

Fed. R. Civ. P. 23(c)(1)(A) ...................................................................................................2

Fed. R. Civ. P. 23(d)(1)(D) ...................................................................................................2

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' MOTION TO STRIKE - CASE NO. 5:17-CV-07232

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Communications Workers of America, along with three named plaintiffs from Ohio and Maryland (collectively, "Plaintiffs"), ask this court to adjudicate a nationwide class action pitting a putative class of "millions" of Americans—nearly everyone over the age of 40 with a Facebook account—against a putative defendant class of "hundreds of major American employers and employment agencies." (Pl.'s First Am. Compl., ECF No. 56 ("FAC" or "Amended Complaint"), ¶¶ 1, 117.) This Court should strike Plaintiffs' overbroad class and collective allegations. Plaintiffs define their proposed plaintiff class to include every Facebook user 40 or older who was "interested in receiving employment-related advertisements, notices, or recruiting." (FAC ¶¶ 111, 133.) This vague, subjective definition would make it impossible to ascertain who belongs in the plaintiff class. Moreover, myriad individualized inquiries would overrun common questions, most notably because Plaintiffs seek to apply the laws of multiple jurisdictions to *millions* of individuals, each of whom has her own qualifications, employment history, and application history. Plaintiffs also cannot satisfy the class certification requirements with respect to their proposed defendant class of "hundreds of major American employers and employment agencies." The text of Rule 23(b)(2) precludes defendant classes in cases like this, and any properly informed defendant in the putative class would opt out of a Rule 23(b)(3) class.

For these reasons, and those discussed below, Defendants respectfully request that the Court strike the class and collective allegations from the First Amended Complaint.[1]

---

[1] Defendants file this motion to strike only as an alternative in the event the Court denies their concurrently filed motions to dismiss. This motion is subject to, and without waiver of, the defenses raised in the motions to dismiss, including the argument that this Court lacks personal jurisdiction over the Defendants.

## II.  ALLEGED FACTS AND PROCEDURAL HISTORY

Plaintiffs bring this putative class and collective action on behalf of "millions of Facebook users who are at least 40 years old," against Amazon.com, Inc.,[2] T-Mobile US, Inc., Cox Communications, Inc., Cox Media Group, LLC (collectively, "Defendants"), and a putative defendant class of "hundreds of major American employers and employment agencies."  (FAC ¶¶ 1, 4, 117.)  Plaintiffs allege that Defendants engaged in age discrimination by targeting some of their employment advertisements on Facebook towards certain age groups.  (*Id.* ¶ 117.)

Plaintiffs assert two ADEA claims against the putative defendant class:  (1) a discriminatory publication or advertising claim (Count I); and (2) a claim for disparate treatment and disparate impact discrimination (Count II).  (FAC ¶¶ 139–62.)  Plaintiffs also assert claims on behalf of a putative nationwide class under the laws of eight jurisdictions—Alabama, California, Minnesota, New Jersey, New York, Ohio, Washington, and Washington, D.C.  (*Id.* ¶¶ 31–33, 163–83.)  Plaintiffs seek to certify their proposed classes under Federal Rules of Civil Procedure 23(a) and (b)(3) or, alternatively, 23(a), (b)(2), and (c)(4).  (*Id.* ¶¶ 110–23.)

## III.  ARGUMENT

### A.   Plaintiffs' Proposed Plaintiff Class Cannot Satisfy The Requirements Of Rule 23.

The Federal Rules of Civil Procedure permit courts to strike class allegations where it is plain from the pleadings that the class cannot be certified.  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *see* Fed. R. Civ. P. 12(f) (permitting courts to strike "any redundant, immaterial, impertinent, or scandalous matter"); Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."); Fed. R. Civ. P. 23(d)(1)(D) (permitting courts to issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons").  Rules 12 and

---

[2]  Plaintiffs have named Amazon.com, Inc. as a defendant in this matter.  In fact, Amazon.com, Inc. does not employ *anyone*.  Without conceding that it is a properly named defendant, Amazon.com, Inc. (hereinafter "Amazon") brings this Motion on behalf of itself and any other affiliated Amazon entities which may be added or substituted as defendants in this matter.

23 provide "authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145–46 (N.D. Cal. 2010); *see also Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935, 942-43 (9th Cir. 2009) (affirming order granting motion to deny class certification); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("The Federal Rules provide a mechanism for exercising defective class allegations before discovery.").

Here, Plaintiffs define their putative plaintiff class as follows:

> All Facebook users in the United States who are 40 years old or older who were interested in receiving employment-related advertisements, notices, or recruiting from employers or employment agencies via Facebook's ad platform in order to pursue employment and were excluded from being eligible to receive an employment-related advertisement or notice because one or more of the Defendant Class Members placed an upper age limit on the population of Facebook users that was eligible to receive an advertisement or notice, at any time from the earliest date actionable under the limitations period applicable to the given claim, until the date of judgment in this action.

(FAC ¶ 111.)

Based on this definition and the allegations in the First Amended Complaint, this Court should strike Plaintiffs' class allegations for two primary reasons: *First*, Plaintiffs fail to identify an ascertainable class. *See Xavier v. Philip Morris USA Inc*., 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011). *Second*, Plaintiffs cannot meet their burden of satisfying Rule 23(a)'s commonality requirement or Rule 23(b)(3)'s "even more demanding" predominance standard, "which requires a court to find that 'the questions of law or fact common to class members predominate over any questions affecting only individual members.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013). Under similar circumstances, courts in this district have denied class certification before discovery even has begun. *See, e.g.*, *Tan v. Grubhub, Inc.*, 2016 WL 4721439, at *4 (N.D. Cal. July 19, 2016) (granting defendant's pre-discovery motion for denial of class certification based on lack of typicality, adequacy, commonality, predominance and superiority).

### 1.   Plaintiffs' Proposed Class Definition Is Not Ascertainable.

"In addition to the explicit requirements of Rule 23, an implied prerequisite to class certification is that the class must be sufficiently definite; the party seeking certification must demonstrate that an

1   identifiable and ascertainable class exists." *Xavier*, 787 F. Supp. 2d at 1089.  Where a class definition

2   "cannot be proven directly, and . . . depends instead upon each putative class member[s'] feelings and

3   beliefs, then there is no reliable way to ascertain class membership," and class certification is improper.

4   *Id.*  Moreover, a class definition "is neither 'precise' nor 'ascertainable'" if it is "overbroad" and en-

5   compasses uninjured absent putative class members.  *McKinnon v. Dollar Thrifty Auto. Grp., Inc.*, 2015

6   WL 4537957, at *7 (N.D. Cal. July 27, 2015); *see also Diacakis v. Comcast Corp.*, 2013 WL 1878921,

7   at *4 (N.D. Cal. May 3, 2013) ("Since the proposed class includes persons who were not injured . . .

8   the proposed class is overbroad.").

9        Here, Plaintiffs' class definition suffers from both of these fatal defects—it cannot be proven

10   directly *and* it is overbroad.  Plaintiff's theory of class membership turns on whether a given individual

11   was "interested in receiving employment-related advertisements . . . or recruiting." (FAC ¶ 111.)  But

12   "interest" is a purely subjective trait that "come[s] down to the state of mind of the putative class

13   member" and lacks "an objective, reliable way to ascertain class membership," *Xavier*, 787 F. Supp.

14   2d at 1089; *see Berndt v. Cal. Dep't of Corrs.*, 2010 WL 2035325, at *2–3 (N.D. Cal. May 19, 2010)

15   (denying class certification because "the class definition [was] subjective, imprecise and overbroad").

16   On this basis alone, the Court should strike the class allegations.  *See Brazil v. Dell Inc.*, 585 F. Supp.

17   2d 1158, 1167 (N.D. Cal. 2008) (granting motion to strike class allegations on the pleadings because

18   "the proposed class [could not], as alleged, be presently ascertained").

19        In addition, a class defined by "Facebook users" is vague and overbroad.  (FAC ¶ 111.)  To the

20   extent the putative class is intended to encompass everyone age 40 and over who maintained a Face-

21   book account, it would sweep in countless passive persons who never (or rarely) check their accounts,

22   or did not do so when the alleged advertisements were in use, and thus could not possibly have been

23   injured by the alleged conduct.  Alternatively, to the extent the class is intended to encompass only

24   individuals who checked their Facebook accounts during the day(s) or week(s) during which the alleged

25   advertisements were posted and did so for the purpose of viewing job advertisements, it would require

26   the Court to engage in *millions* of individualized inquiries regarding which potential class members

27   logged into their accounts and on what dates and for what reason(s).  *See Senne v. Kan. City Royals*

28   *Baseball Corp.*, 315 F.R.D. 523, 566 (N.D. Cal. 2016), *appeal docketed*, Nos. 17-16245, 17-16267, 17-

16276 (9th Cir. June 20, 2017) (denying class certification and finding that class definition was not ascertainable where there was "no simple way to determine who [was] a member").  Because the class definition is vague and either overbroad or highly individualized, or both, the class definition is not ascertainable, and the Court should strike Plaintiffs' class allegations.  *See Tietsworth*, 720 F. Supp. 2d at 1146–47 (striking class allegations on the pleadings because overbroad class definition included unharmed individuals); *Hovsepian v. Apple Inc.*, 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (same).

### 2. Plaintiffs' Proposed Class Does Not Satisfy Rule 23(a)'s Commonality Requirement Or Rule 23(b)(3)'s Predominance Requirement.

Plaintiffs cannot satisfy Rule 23(a)'s commonality requirement or Rule 23(b)(3)'s predominance requirement because material variations in the eight jurisdictions' laws that they invoke would necessitate individualized inquiries into the named Plaintiffs' and putative class members' claims.  Inevitable differences in putative class members' employment application histories and qualifications also destroy commonality and predominance.

### a. The Multiplicity Of Claims Arising Under The Laws Of Different Jurisdictions Renders Class Treatment Improper.

In the context of a multi-state class action, "variances in state law overwhelm common issues and preclude predominance."  *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 596 (9th Cir. 2012). That is because such variations necessitate detailed inquiries into the legal elements, statutes of limitations, and remedies for each state's laws, and the ways in which those factors affect each class member—inquiries that destroy the efficiencies that class actions are supposed to achieve.  Accordingly, courts in this district commonly deny class certification for lack of commonality or predominance, or both, when there are significant variations in the state laws applicable to different members of the proposed class.  *See, e.g.*, *Darisse v. Nest Labs, Inc.*, 2016 WL 4385849, at *15 (N.D. Cal. Aug. 15, 2016) (Freeman, J.) (denying class certification where claims were "different from state to state"); *Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015) ("[C]ertification of a . . . class is improper under Rule 23 because material variations in state law would predominate."); *Marsh v. First Bank of Del.*, 2014 WL 2085199, at *7 (N.D. Cal. May 19, 2014) ("'Courts routinely deny class certification where the laws of multiple states must be applied.'" (citation omitted)).

This case illustrates why significant differences in state laws defeat predominance and commonality and preclude class certification.  Plaintiffs seek certification of a vast nationwide class consisting of *millions* of individuals, based on federal law and the laws of eight different states.  Plaintiffs thus concede that different states' laws will apply to the class members' claims.  Yet significant differences exist between the laws of these jurisdictions, including, but not limited to, the age limitations for persons covered by each law, causation standards, statutes of limitations, and available remedies, as reflected in the table below.

|  | Age of Persons Covered | Causation | Statute of Limitations | Remedies / Attorneys' Fees |
|---|---|---|---|---|
| ADEA | Persons 40 years or older. 29 U.S.C. § 631(a). | Age must be but-for cause of conduct. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009). | 300 days in states that prohibit age discrimination and authorize state authority to seek relief; 180 days in all other states. 29 U.S.C. § 626(d)(1). | Backpay, reinstatement, liquidated damages.  No punitive damages or pain and suffering.  *Comm'r of IRS v. Schleier*, 515 U.S. 323, 326 (1995). |
| D.C. | Persons 18 years or older. D.C. Code § 2-1401.02(2). | Age must be "determinative influence" affecting conduct.  *Schuler v. PWC, LLP*, 595 F.3d 370, 376 (D.C. Cir. 2010). | One year from the date of the discriminatory act, or the discovery thereof. D.C. Code § 2-1403.16(a). | "[D]amages and such other remedies as may be appropriate." D.C. Code § 2-1403.16(a). |
| Ala. | Persons 40 years or older. Ala. Code § 25-1-21. | Age must be but-for cause of conduct.  *Perry v. Batesville Casket Co.*, 551 F. App'x 987, 990 (11th Cir. 2014). | 180 days from the harm.  *Byrd v. Dillard's, Inc.*, 892 So.2d 342, 345–46 (Ala. 2004). | Remedies are identical to those available under the ADEA.  Ala. Code § 25-1-29. |
| Cal. | Persons 40 years or older. Cal. Gov. Code, §§ 12926(b); 12940(a) | Age must be a "substantial motivating factor/reason" for the adverse employment decision.  *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013). | One year from the date of the alleged discriminatory act. Cal. Gov. Code § 12965(b). | Backpay, reinstatement, damages (including punitive damages), reasonable attorneys' fees. Cal. Gov. Code §§ 12940, 12965(b). |
| Minn. | Persons who have reached the age of majority. Minn. Stat. Ann. § 363A.03(2). | Causation is an open question.  *Beito v. Westwood Place, Inc.*, 2014 WL 3101321, at *17 n.11 (D. Minn. July 8, 2014). | One year from the occurrence of the discriminatory practice. Minn. Stat. Ann. § 363A.28(3). | Compensatory damages up to three times actual damages; mental anguish or suffering; attorneys' fees; and punitive damages. Minn. Stat. Ann. § 363A.29, subd. 4. |
| N.J. | Persons between the ages of 18 and 70. N.J. Stat. Ann. § 10:5-12(a). | Causation is an open question.  *Geltzer v. Virtua W. Jersey Health Sys.*, 804 F. Supp. 2d 241, 250 (D.N.J. 2011). | Two years after the alleged discrimination to file in court.  *Rodriguez v. Raymours Furniture Co.*, 138 | "All remedies available in common law tort actions." N.J. Stat. Ann. § 10:5-13. |

Gibson, Dunn & Crutcher LLP

| | | | A.3d 528, 536 (N.J. 2016). | |
|---|---|---|---|---|
| N.Y. | Persons 18 years or older. N.Y. Exec. Law § 296-3a(b). | Age must be but-for cause of conduct. *Najjar v. Mirecki*, 2013 WL 3306777, at *7 (S.D.N.Y. July 2, 2013). | One year after the discriminatory practice. N.Y. Exec. Law § 297(5). | Damages, including pain and suffering. But no punitive damages. N.Y. Exec. Law § 297(9); *Shea v. Icelandair*, 925 F. Supp. 1014, 1020 (S.D.N.Y. 1996). |
| Ohio | Persons 40 years or older. Ohio Rev. Code Ann. § 4112.02(L); *id.* § 4112.01(A)(14). | Age must be the but-for cause of the conduct. *Metz v. Titanium Metals Corp.*, 2011 WL 13186529, at *9 (S.D. Ohio Jan. 5, 2011). | 180 days after the discriminatory practice for § 4112.02(A) claims. Ohio Rev. Code Ann. § 4112.02(L).<br><br>Six years for claims under § 4112.14. *Meyer v. UPS, Inc.*, 909 N.E.2d 106, 107 n. 6 (Ohio 2009). | Limited remedies— lost wages and benefits, reinstatement, costs, and attorneys' fees. Ohio Rev. Code Ann. § 4112.14(B). |
| Wash. | Persons 40 years or older. Wash. Rev. Code Ann. § 49.44.090(2). | Age must be the but-for cause of the conduct. *Beahm v. City of Bremerton*, 2010 WL 1141476, at *16–17 (W.D. Wash. Mar. 22, 2010). | Three years after the discriminatory practice. *Douchette v. Bethel Sch. Dist. No. 403*, 818 P.2d 1362, 1364 (Wash. 1991). | Actual damages. No exemplary and punitive damages. *Martini v. Boeing Co.*, 971 P.2d 45, 50 (Wash. 1999). |

These material differences preclude the predominance of common issues of law. It would be impractical to try cases under nine distinct bodies of law, requiring overlapping (and in some cases contradictory) jury instructions protecting different age categories, requiring different standards of causation, and allowing different types of damages. In short, "variances in state law overwhelm common issues and preclude predominance for a single nationwide class." *Mazza*, 666 F.3d at 594, 596.

>    **b.    Plaintiffs' Failure-to-Hire Claim (Count II) Cannot Be Certified Because Of Individual Variations In Proof.**

As discussed in Amazon's concurrently filed Motion to Dismiss, to prove a *prima facie* case of failure to hire, a plaintiff must show, *inter alia*, that she applied and was qualified for an employment position, and that a substantially younger person with similar qualifications received the position. *Bellinger v. Coos Bay Sch. Dist.*, 711 F. App'x 398, 399 (9th Cir. 2017) (citing *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987)). Thus, for each Defendant, Plaintiffs' class claims require common proof that *each* absent putative class member applied and was qualified for employment positions with that Defendant, and that none of those individuals received employment offers for these

positions. *See Rabin v. PwC*, No. 16-cv-02276-JST, Order Denying Collective Certification, Dkt. 236 (July 26, 2018) at 1 (denying class certification because plaintiffs, who were facially qualified for the positions to which they applied, were "not substantially similar to facially unqualified applicants" who were also within the scope of plaintiffs' proposed collective); *Heath v. Google Inc.*, 215 F. Supp. 3d 844, 850–51 (N.D. Cal. 2016) (Freeman, J.) (denying conditional certification and finding that variations in job applicants' application and qualification histories precluded a finding that they were "similarly situated" under the ADEA); *see also Stockwell v. City & Cty. of S.F.*, 2015 WL 2173852, at *7 (N.D. Cal. May 8, 2015) (denying class certification under California age discrimination law because "the court would necessarily need to consider the individual qualifications of each class member to determine" liability). Where variations regarding absent class members' employment application histories and qualifications will inevitably arise, class treatment is improper. *See Heath*, 215 F. Supp. 3d at 850–51 (denying collective certification where plaintiff's proposed class included all applicants, regardless of their qualifications).

This Court's holding in *Heath* is on all fours with this case. Indeed, it would defy common sense to suggest that every absent member of Plaintiffs' proposed class—millions of Facebook users in total—is qualified (or alternatively, is not qualified) for each and every employment position arguably implicated by the alleged advertisements. Plaintiffs' own allegations demonstrate the opposite: The ads cited in the Amended Complaint reveal that the jobs in question vary widely in substance and geography and therefore could attract applicants with a wide range of qualifications and interests. (*See, e.g.*, FAC, Ex. A at 5 (Amazon ad targeting Facebook users in Silver Spring, Maryland seeking "warehouse associates"); *id.* at 6 (Amazon ad targeting Facebook users in the United States seeking "Big Data Consultants"); *id.* at 19 (Cox Media Group ad targeting Facebook users in Washington, D.C.); *id.* at 57 (T-Mobile ad seeking people to "Become a Customer Care Expert").) Further, many of the ads simply extol the employer's virtues, making it impossible to discern who might be a qualified applicant—or for what job someone viewing the ad might apply. (*See, e.g.*, FAC, Ex. A at 7 (Amazon ad enticing "innovators" for whom "there's no such thing as good enough"); *id.* at 20 (Cox Media Group ad encouraging recipients to "Be Yourself, Make Us Better"); *id.* at 59 (T-Mobile ad saying "We make

sure you have the tools to succeed"); *id.* at 61 (T-Mobile ad encouraging recipients to "Write your own success story.  With Team Magenta, you're in charge").

The named Plaintiffs vary in terms of geography, work history, and qualifications, foreshadowing the infinite variety within the proposed class.  (*Compare* FAC ¶ 31 and 33 (alleging Plaintiffs Bradley and Callahan previously worked "at a call center in Franklin County, Ohio") *with id.* ¶ 32 (alleging Plaintiff Anscombe, a resident of Baltimore, Maryland, "previously worked as a cable technician for almost two decades[,] and, before that, in law enforcement").)  This Court can and should take note of the inevitable differences among absent members of the proposed class with respect to location, employment interests, skills and qualifications, among others, and find that Plaintiffs cannot satisfy Rule 23's commonality and predominance requirements.  *See Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1153 (N.D. Cal. 2010) (striking class allegations on the pleadings, without leave to amend, where "elements . . . [were] individual to each purported class member"); *see also Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016) (striking class claims on the pleadings, where claims "involve[d] highly individualized inquiries"); *Kim v. Shellpoint Partners LLC*, 2016 WL 1241541, at *9 (S.D. Cal. Mar. 30, 2016) (striking class claims on the pleadings, where claims involved "highly individualized inquir[ies]").

**B.    Plaintiffs Cannot Satisfy The Rule 23 Requirements With Respect To The Proposed Defendant Class.**

A party seeking to certify a defendant class must demonstrate that the requirements of Rule 23 are met with respect to the proposed class.  *See Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 229–30 (9th Cir. 1974).  But a defendant class raises "due process concerns not inherent in plaintiff class actions."  *Move, Inc. v. Real Estate Alliance Ltd.*, 2009 WL 10672609, at *2 (C.D. Cal. Aug. 17, 2009) (citation omitted).  For several reasons, the Court should strike Plaintiffs' proposed defendant class.  (FAC ¶¶ 110, 114.)

As an initial matter, Plaintiffs' allegations regarding certification of a defendant class under Rules 23(a), (b)(2), and (c)(4)(1) should be stricken because the express language of Rule 23(b)(2) precludes certification of such a class.  Rule 23(b)(2) allows certification only when, *inter alia*, "the party opposing the class has acted or refused to act on grounds" generally applicable to the class,

1    thereby making appropriate final injunctive relief with respect to the class as a whole.  Fed. R. Civ. P.

2    23(b)(2).  Because "it is the alleged wrongdoer, the defendant—never the plaintiff . . .—who will have

3    'acted or refused to act on grounds generally applicable to the class,'" Rule 23(b)(2) is irreconcilable

4    with the very notion of a defendant class.  *Henson v. E. Lincoln Twp.*, 814 F.2d 410, 414 (7th Cir. 1987)

5    (citing Fed. R. Civ. P. 23(b)(2)).  Indeed, circuit courts across the country and district courts within this

6    circuit have reached that exact holding and, on that basis, dismissed or vacated Rule 23(b)(2) defendant

7    class claims.  *See Tilley v. TJX Cos.*, 345 F.3d 34, 39–40 (1st Cir. 2003); *Henson*, 814 F.2d at 412–17;

8    *Thompson v. Bd. of Educ. of Romeo Cmty. Sch.*, 709 F.2d 1200, 1203–04 (6th Cir. 1983); *Paxman v.*

9    *Campbell*, 612 F.2d 848, 854 (4th Cir. 1980); *Leer v. Wash. Educ. Ass'n*, 172 F.R.D. 439, 451–52

10   (W.D. Wash. 1997); *see also Greenhouse v. Greco*, 617 F.2d 408, 413 n.6 (5th Cir. 1980) (finding that

11   Rule 23(b)(2) "is not an appropriate basis for the certification of a defendant class").

12        The Court also should strike Plaintiffs' allegations regarding certification of a defendant class

13   pursuant to Rules 23(a) and (b)(3) because a defendant class is not "superior."  As one California court

14   held, "[s]ubdivision (b)(3) of Rule 23 is not . . . suited to defendant classes because members of Rule

15   23(b)(3) classes have the right to opt out of a class judgment, thereby diminishing the effectiveness of

16   the class action."  *Move, Inc.*, 2009 WL 10672609, at *8 (internal quotation marks and citation omitted).

17   Because members of the defendant class in this case may—and almost certainly would, if properly

18   informed by notice—opt out and avoid judgment, this Court can and should strike Plaintiffs' request

19   to certify a Rule 23(b)(3) defendant class because the "proposed class action is not a superior vehicle

20   for adjudicating the controversy."  *Id.* (denying certification of a defendant class because "[c]lass

21   [m]embers would have every incentive to opt out of the proposed class"); *see also, e.g.*, *Clark v.*

22   *McDonald's Corp.*, 213 F.R.D. 198, 224–25 (D.N.J. 2003) (denying certification of a Rule 23(b)(3)

23   defendant class where the court "cannot envision that absent [class members] would not opt out").

24        Moreover, the Court should strike *all* of the defendant class allegations because there can be no

25   reasonable dispute that differences in advertising, recruitment, and hiring policies and practices among

26   the "hundreds of major American employers and employment agencies" (FAC ¶ 1) will destroy com-

27   monality, Fed. R. Civ. P. 23(a)(2), and predominance, Fed. R. Civ. P. 23(b)(3).  *See Kline*, 508 F.2d at

28   231–33 (reversing order certifying defendant class for lack of predominance).

1   Finally, the alleged defendant class lacks the juridical link necessary to support certification of

2   a defendant class.  Because a defendant class by its nature conscripts an unwilling defendant into serv-

3   ing as the uncompensated representative of absent class members, a plaintiff seeking to certify a de-

4   fendant class must show that there is "an important legal relationship"—i.e., a "juridical link"—uniting

5   the putative defendant class members.  *See, e.g.*, *Akerman v. Oryx Commc'ns*, Inc., 609 F. Supp. 363,

6   375 (S.D.N.Y. 1984), *aff'd and remanded*, 810 F.2d 336 (2d Cir. 1987) (internal quotation marks omit-

7   ted).  Here, Plaintiffs do not allege any factual circumstances—such as a relationship formed by a

8   conspiracy or shared contract, or a common action required by a state or local statute—demonstrating

9   the requisite juridical link uniting the putative defendant class members.  *See, e.g.*, *Cady v. Anthem*

10  *Blue Cross Life & Health Ins. Co.*, 583 F. Supp. 2d 1102, 1107 (N.D. Cal. 2008) (holding that the

11  absence of a shared relationship among defendants prevented plaintiff from invoking the juridical link

12  doctrine); *Berger v. Prop. I.D. Corp.*, 2008 WL 11334980, at *1 (C.D. Cal. Apr. 28, 2008) (concluding

13  that there were "no juridical links common to all Defendants in this action" where plaintiffs had pre-

14  sented no evidence of a conspiracy and defendants were competitors); *see also Brunner v. Jimmy*

15  *John's, LLC*, 2015 WL 5086388, at *3–4 (N.D. Ill. Aug. 19, 2015) (rejecting plaintiffs' juridical link

16  argument and holding that plaintiffs' proposed defendant class was "facially and inherently deficient").

17  **C.    Plaintiffs Cannot Show That Members Of Their Proposed Collective Are**
        **Similarly Situated.**

18  Plaintiffs' allegations also do not support collective treatment of their ADEA claims under the

19  standards set forth in the Fair Labor Standards Act (of which it is a part), which allows an individual

20  or individuals to bring a collective action only "for and in behalf of himself or themselves and other

21  employees *similarly situated*."  29 U.S.C. § 216(b) (emphases added); 29 U.S.C. § 626(b) (providing

22  that the ADEA's provisions are enforceable "in accordance with the powers, remedies, and procedures"

23  set forth in 29 U.S.C. § 216, the FLSA's "Penalties" provision).  Under Rule 12(f), a court may also

24  strike collective action allegations where, as here, it cannot be shown that the individuals sought to be

25  represented in the collective action are "similarly situated."  *See Litty v. Merrill Lynch & Co.*, 2014

26  WL 5904904, at *2 (C.D. Cal. Nov. 10, 2014) (striking collective action allegations); *Lee v. Children's*

27  *Place Retail Stores, Inc.*, 2014 WL 5100608, at *6 (N.D. Ill. Oct 8, 2014) (striking collective allegations

28  under FSLA).  Indeed, applying this standard, this Court refused to conditionally certify a collective

1    where the proposed collective included all applicants, regardless of their qualifications. *See Rabin*, No.

2    16-cv-02276-JST, Dkt. 236; *Heath*, 215 F. Supp. 3d at 850–51.

3          In *Heath*, the job applicant-plaintiff received a phone interview from Google, but did not ulti-

4    mately receive an employment offer.  215 F. Supp. 3d at 849.  The plaintiff alleged that his failure to

5    obtain employment was the result of age discrimination.  *Id.*  This Court concluded that plaintiff could

6    not demonstrate "that he [was] similarly situated to the absent members of his putative collective ac-

7    tion."  *Id.* at 857.  Most notably, although plaintiff himself was "given a phone interview," thereby

8    suggesting that he was at least minimally qualified for the job he sought,  his "vast class would include

9    every individual applicant over the age of 40 without regard to their qualifications including, for ex-

10   ample, a lawyer applying for a software engineer position."  *Id.*  Because "[c]ommon sense dictate[d]

11   that Google would have rejected those individuals based on their lack of qualifications, not their age,"

12   the Court denied conditional certification of the proposed collective.  *Id.*

13         The Court's decision in *Rabin* is similarly instructive.  *Rabin*, No. 16-cv-02276-JST, Dkt. 236.

14   In *Rabin*, the named plaintiffs had applied for positions at PwC for which they were facially qualified

15   and had not received offers of employment, purportedly because of their age.  *Id.* at 9.  The plaintiffs

16   sought to certify a collective action of "all individuals aged 40 and older who, from October 18, 2013

17   forward, applied or attempted to apply but were not hired for a full-time Covered Position . . . in the

18   Tax or Assurance lines of service."  *Id.* at 3 (internal quotation marks omitted).  The Court observed

19   that "facially unqualified applicants [were] included in Plaintiffs' proposed class."  *Id.* at 10.  Analo-

20   gizing the case to *Heath*, the Court concluded that the named plaintiffs—who were facially qualified

21   when they applied—were not substantially similar to facially unqualified applicants.  *Id.*  The Court

22   further remarked that "it is hard to imagine how unqualified applicants could ever be part of the class,

23   given that an ADEA plaintiff must show, among other things, that he was qualified for the position."

24   *Id.* at 9 (internal quotation marks omitted).

25         Here, the proposed collective is even broader than the ones at issue in *Heath* and *Rabin*, as it

26   encompasses not only applicants and individuals who attempted to apply for positions with Defendants,

27   but all Facebook users "who were interested in receiving employment-related advertisements," (FAC

28   ¶ 133), who inevitably have varying job qualifications, varying geographical constraints, and countless

other variations.   The Court should take note of these obvious differences and strike the collective allegations.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court strike Plaintiffs' class and collective allegations.

Dated: July 30, 2018

GIBSON, DUNN & CRUTCHER LLP


By: */s/ Jason C. Schwartz*
Jason C. Schwartz, admitted *pro hac vice*
Joshua S. Lipshutz, SBN 242557
Greta B. Williams, SBN 267695
Rachel S. Brass, SBN 219301
GIBSON, DUNN & CRUTCHER LLP

Attorneys for Amazon.com, Inc.


WINSTON & STRAWN

By: */s/ Joan B. Tucker Fife*
Joan B. Tucker Fife
  jfife@winston.com
101 California Street
San Francisco, CA 94111-5802
Telephone: 415.591.1000
Facsimile: 415.591.1400

Emilie C. Woodhead, SBN 24046
  ewoodhead@winston.com
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213.615.1700
Facsimile: 213.615.1750

Attorneys for Cox Media Group, LLC and Cox Communications, Inc.

DAVIS WRIGHT TREMAINE LLP

By: */s/ Stephen M. Rummage*
Stephen M. Rummage, admitted *pro hac vice*
  steverummage@dwt.com
Ryan C. Hess, SBN 263079
  ryanhess@dwt.com
Cyrus E. Ansari, admitted *pro hac vice*
  cyrusansari@dwt.com
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone:  206.757.8136
Facsimile:  206.757.7136

Jeffrey S. Bosley, SBN 167629
  jeffbosley@dwt.com
500 Montgomery Street, Suite 800
San Francisco, CA  94111-6533
Telephone:  415.276.6500
Facsimile:  415.276.6599

Attorneys for T-Mobile US, Inc.

## **SIGNATURE ATTESTATION**

I, Jason C. Schwartz, am the ECF User whose identification and password are being used to file the foregoing document. Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained.

Dated: July 30, 2018                                          GIBSON, DUNN & CRUTCHER LLP


By:   /s/ *Jason C. Schwartz*
        Jason C. Schwartz

        Attorney for Amazon.com, Inc.