# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| LINDA BRADLEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE US, INC., et al.,<br><br>Defendants. | Case No. 17-cv-07232-BLF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; TERMINATING MOTION TO DISMISS AND MOTION TO STRIKE WITHOUT PREJUDICE**<br><br>[Re: ECF 132] |

Before the Court is Plaintiffs' Motion for Leave to File a Fourth Amended Complaint ("Motion"). Motion, ECF 132. Defendants oppose. Opp'n, ECF 137. Pursuant to Civil Local Rule 7-1(b), the Court finds Plaintiffs' Motion suitable for submission without oral argument. For the reasons stated below, Plaintiffs' Motion is GRANTED.

## I. BACKGROUND

Plaintiffs bring this class and collective action against Defendants T-Mobile US, Inc. and Amazon.com, Inc. (collectively, "Defendants"), alleging various claims including violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623, and California law. Plaintiffs' original complaint was filed on December 20, 2017. Compl., ECF 1. Plaintiffs filed a first amended complaint ("FAC") on May 29, 2018, and a second amended complaint ("SAC") on August 20, 2018. *See* FAC, ECF 56; SAC, ECF 68. On October 4, 2018, the Court granted the parties stipulation regarding filing of a third amended complaint ("TAC"), *see* ECF 71, which Plaintiffs filed the same day, *see* TAC, ECF 72.

Amazon (joined by T-Mobile) subsequently filed a motion to dismiss Plaintiffs' TAC and a motion to strike Plaintiffs' class and collective allegations. *See* ECF 73; ECF 74. Plaintiffs' TAC names two additional defendants, Cox Communications, Inc., and Cox Media Group, LLC

1  (together, "Cox"), who were dismissed from this action without prejudice on May 9, 2019, *see*

2  ECF 133. The Court heard oral argument on the motion to dismiss and motion to strike on

3  April 17, 2019 ("the Hearing"). Based on discussion at the Hearing, the Court permitted Plaintiffs

4  to file the instant motion for leave to file a fourth amended complaint. *See* ECF 126.

## II. LEGAL STANDARD

A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). A "good cause determination focuses primarily on the diligence of the moving party." *Yeager v. Yeager*, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Courts may consider any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson*, 975 F.2d at 609).

Meanwhile, Rule 15(a) provides that "[t]he court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, such leave "is not to be granted automatically." *In re W. States*, 715 F.3d at 738 (internal quotation and citation omitted). Instead, the court should consider the following factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Id.*

## III. DISCUSSION

Plaintiffs move under Rule 16(b) to modify the scheduling order and move under Rule 15(a)(2) for leave to file a fourth amended complaint ("4AC"). *See* Motion at 1. Plaintiffs additionally "request that the Court deny without prejudice the pending motions to dismiss and strike." *Id.* at 10. The Court addresses Rule 16(b) and Rule 15(a) in turn.

### A. Good Cause Exists under Rule 16(b)

Plaintiffs seek to add named Plaintiff and proposed Collective and Class Representative Richard Haynie, a California resident who was allegedly denied jobs ads by Defendants. *See*

Motion at 1. Plaintiffs previously included a different "California plaintiff," Ms. Renia Hudson. *See* SAC ¶¶ 45–46, ECF 68. However, after Plaintiffs' deadline to amend, "Defendants informed Plaintiffs of [] alleged inaccuracies in Hudson's allegations." *See* Motion at 6; *see also* Romer-Friedman Decl. ¶¶ 2–4, ECF 132-1. The parties ultimately stipulated to remove Hudson's allegations from the case. *See* ECF 70 ¶ 2. Plaintiffs argue that good cause exists to modify the scheduling order because "Plaintiffs were unaware of the inaccurate information on Hudson at the time of the scheduling order" and because "at that time the Court had not raised its concern about personal jurisdiction in the absence of a worker plaintiff from California." *See* Motion at 6. Defendants counter that Plaintiffs lacked diligence because "Plaintiffs knew or should have known when they filed suit that their case could not proceed here without a California plaintiff." *See* Opp'n at 1; *see also* Opp'n at 4–7. Given the timing and circumstances of Ms. Hudson being dropped from the case and the Court's first opportunity to discuss its views with the parties at the April 17, 2019 hearing, the Court finds that Plaintiffs acted with diligence and did not unduly delay in seeking leave to amend the complaint. In addition, the Court finds that Plaintiffs' theory of liability based on Facebook's allegedly discriminatory ad-delivery algorithm is not newly asserted, contrary to Defendants' assertion, *see* Opp'n at 7–8.

The Court also finds that the prejudice to Defendants in allowing amendment is slight. The trial date in this case is set for September 27, 2021. The last day to hear dispositive motions is April 15, 2021. Therefore, Defendants have more than adequate time to brief and argue a motion to dismiss Plaintiffs' 4AC and to conduct further discovery, if necessary. In addition, Plaintiffs' 4AC would remove the proposed defendant class and narrow certain other allegations. *See* Motion at 1; *see generally* Proposed 4AC, Ex. A to Motion, ECF 132-2.

For these reasons, the Court finds that good cause exists under Rule 16(b).

### B. Rule 15(a) is Satisfied

Plaintiffs have also satisfied the requirements of Rule 15(a). As noted above, a court generally will grant leave to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 607. Not all factors carry equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.

3

2003). Prejudice to the opposing party must be given the greatest weight. *Id*. Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (citation omitted).

As discussed above, the Court finds that Plaintiffs' filing of a 4AC at this point in the litigation, over two years before trial, does not prejudice Defendants. The Court has also considered the remaining factors under Rule 15 and finds that the presumption in favor of granting leave to amend under Rule 15 applies.

## IV. ORDER

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Fourth Amended Complaint is GRANTED. Plaintiffs shall file the 4AC as a separate docket entry **no later than June 6, 2019**.

Accordingly, the motion to dismiss at ECF 73 and motion to strike at ECF 74 are no longer directed to the operative complaint and are hereby TERMINATED WITHOUT PREJUDICE as to any of the issues raised.

**IT IS SO ORDERED.**

Dated: June 4, 2019

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

4