*Issues & Appeals*

February 4, 2020

Judge Beth Labson Freeman
U.S. District Court for the
Northern District of California
280 South 1st Street
San Jose, CA 95113

      Re:    <u>Bradley et al. v. T-Mobile US, Inc. et al.</u>, 17-cv-07232-BLF (N.D. Cal.)

Dear Judge Freeman:

      I represent the Plaintiffs in the above-captioned action.

      At the conclusion of the January 30, 2020 hearing on the Defendants' motion to dismiss, the Court directed Plaintiffs to submit to the Court a proposal for limited jurisdictional discovery for the Court to consider if the Court does not hold that the Plaintiffs have sufficiently pled and/or demonstrated personal jurisdiction at the pleading stage.

      Plaintiffs' jurisdictional discovery proposal seeks three basic types of information that would allow the parties and the Court to determine which of Defendants' ads were sent to workers in California, including the California-based Plaintiffs, whether those ads were age-restricted, and what jobs those ads directed California-based workers to consider applying for. These basic types of information can be provided by the Defendants through the production of a subset of the documents that Plaintiffs previously requested, pursuant to the parties' stipulation that they would propound discovery requests before the Court's ruling on the motion to dismiss, in order to expedite discovery in light of the May 2020 class certification briefing schedule.

      Plaintiffs' proposal seeks the production of the following three types of documents.

      <u>First</u>, it requests each age-restricted or non-age-restricted job advertisement on Facebook that the Defendants sent to Facebook users in California (*i.e.*, any job ad whose geographic scope includes some or all of California) during the one year period before Plaintiffs filed this action.

      <u>Second</u>, it seeks documents that show the geography and age-ranges of these same ads.

      <u>Third</u>, it seeks documents that show, for the year before this suit was filed, the positions that Defendants advertised on the web sites to which the same ads linked, as well as the location of those positions.

      Plaintiffs appreciate the Court's consideration of this proposal for limited jurisdictional discovery, should the Court conclude that the pleadings and record evidence are not sufficient to establish personal jurisdiction at this stage of the litigation.



*Issues & Appeals*

                         Sincerely,

               Peter Romer-Friedman
               Counsel for the Plaintiffs


cc: Jason Schwartz, counsel for Defendant Amazon.com, Inc.
 §  Steve Rummage, counsel for Defendant T-Mobile US, Inc.

Gupta Wessler PLLC
**1900 L Street, NW, Suite 312, Washington, DC 20036**
**P** 202 888 1741   **F** 202 888 7792
guptawessler.com

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COMMUNICATIONS WORKERS OF AMERICA, LINDA BRADLEY, MAURICE ANSCOMBE, LURA CALLAHAN, RICHARD HAYNIE, and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE US, INC., and AMAZON.COM, INC.,<br><br>Defendants. | Case No. 17-cv-07232-BLF |

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
RELATED TO JURISIDICTIONAL DISCOVERY TO DEFENDANTS
T-MOBILE US, INC. AND AMAZON.COM, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff propounds the following document requests that require Defendants Amazon.com, Inc. ("Amazon" or "Defendant"), and T-Mobile US, Inc. ("T-Mobile" or "Defendant") (collectively "Defendants") within fourteen (14) days of the Court's order authorizing jurisdictional discovery (or a different time period directed by the Court), to serve a written response and produce for inspection and copying the documents and other tangible objects described below at the offices of Plaintiffs' counsel, Gupta Wessler PLLC, 1900 L Street NW, Suite 312, Washington, DC 20036, or at such other place as is agreed by counsel.

In responding to these document requests, Defendants are requested to furnish all information, including hearsay, in possession of Defendants' attorneys, agents, investigators, employees, independent contractors, and all other persons acting on behalf of Defendants, and not merely information known by personal knowledge of the person answering these document requests. Documents produced in response to one request or a part thereof may be designated by reference as responsive to another request.

1

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
RELATED TO JURISDICTIONAL DISCOVERY TO DEFENDANTS
CASE NO. 17-CV-07232-BLS

## DEFINITIONS

1. "Plaintiffs" refers to the Plaintiffs named in the Fourth Amended Class and Collective Action Complaint ("Complaint") and any subsequent versions of the Complaint.

2. Unless otherwise indicated, "Defendant," "You," "Your," or "Amazon" refers to Amazon.com, Inc., its subsidiaries, officers, directors, employees, agents, consultants, attorneys, partners, corporate parent, subsidiaries or affiliates, AND any other persons acting for it OR on its behalf.

3. Unless otherwise indicated, "Defendant," "You," "Your," or "T-Mobile" refers to T-Mobile, Inc., its subsidiaries, officers, directors, employees, agents, consultants, attorneys, partners, corporate parent, subsidiaries or affiliates, AND any other persons acting for it OR on its behalf.

4. "ADEA" means the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*.

5. "Advertisement related to employment" means (i) any advertisement whose content (including text and images) relates to employment in general, specific positions, employment opportunities in general, specific employment opportunities, workers, hiring, employees, careers, jobs, the attributes of an employer, or any information about employment at an employer; and (ii) any advertisement that links to or directs a person to a web page, including a Facebook page, that displays or contains information about employment in general, specific positions, employment opportunities in general, specific employment opportunities, workers, hiring, employees, careers, jobs, the attributes of an employer, or any information about employment at an employer, such as any advertisement that links to or directs a person to the Amazon Fulfillment Jobs web site or Facebook page, Inside Amazon web site or Facebook page, or to the Muse's web site or Facebook page.

6. "Age-restricted advertisement" means an advertisement where the population of users or persons eligible to receive the advertisement is directly restricted based on age other than

2

the exclusion of persons under 18 years old, such as an advertisement where the population of users eligible to receive it ranges from 18 to 64, 18 to 54, or 22 to 45.

7. "All," "each," and "every" shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

8. "And/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

9. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10. "Data" refers to information stored in a database.

11. "Document" is defined to be synonymous and equal in scope to usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations, or electronically-stored information ("ESI"), as further defined hereinafter.

12. "Electronically stored information" or "ESI" means any file, record or document that is or has been stored in electronic form on a server, tape, other electronic media such as an internal or external hard drive or any media whereby the document can be saved and be available for retrieval using any retrieval device, including a computer or server.

13. "Facebook" or "Facebook's ad platform" includes Facebook, Instagram, Messenger, and any other web sites, platforms, ad platforms, or applications owned, controlled, or operated by Facebook, Inc. during the relevant period.

14. Pursuant to Federal Rule of Civil Procedure 34, "electronic information" subject to disclosure includes information stored "in any medium." Such media include, but are not limited to:

    a. Active, online storage locations, such as servers and local hard drives;

    b. Near-line storage locations, such as optical disks;

3

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
RELATED TO JURISDICTIONAL DISCOVERY TO DEFENDANTS
CASE NO. 17-CV-07232-BLS

    c.    Offline storage locations and archives, such as removable optical disks and magnetic tape media;

    d.    Back-up tapes;

    e.    Floppy disks, diskettes, CDs, zip discs, jazz discs, zip drive, flash memory, DVDs, videotapes, audiotapes, Personal Digital Assistant ("PDA"), memory cards, mobile devices; and

    f.    Any other medium, including but not limited to third-party Electronic Communications Service and Remote Computing Service providers, such as wireless mobile phone and data service providers, online electronic mail providers (e.g., Gmail, Hotmail, or Facebook); and any website hosting providers (e.g., Typepad).

15. The "litigation" means the present lawsuit, titled, *Bradley et al. v. T-Mobile US, Inc., et al.*, No. 17 Civ. 7232 (N.D. Cal.) (BLF).

16. "Non-age-restricted advertisement" means an advertisement where the population of users eligible to receive the advertisement is not directly restricted based on age.

17. "Person(s)" means any natural person or any business, legal or governmental entity, or association.

18. "Present" is intended to be an ongoing term. To the extent additional documents become available after the date on which these requests are served, requests referring to the "present" cover those documents.

19. "Refers to" and "relates to" mean evidencing, constituting, reflecting, showing, comprising, including, containing, describing, considering, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part.

20. "Relevant period" means the period January 1, 2016 to present.

21. The terms "showing" or "to show" mean depicting, displaying, demonstrating, exhibiting, reporting, presenting, and/or setting forth, and shall be construed to afford the widest

4

possible scope of inquiry to the discovery request containing such term.

22. "State" means to declare, articulate, resolve, identify, and/or describe.

23. "Statement" shall have the same definition as set forth in Rule 26 of the Federal Rules of Civil Procedure and includes, but is not limited to, a written statement signed or otherwise adopted or approved by the person making it, and/or a stenographic, mechanical, electrical and/or other recording or transcription thereof, which is substantially a verbatim recital of an oral statement by the person making it.

## INSTRUCTIONS

Unless otherwise indicated, the following instructions apply to, and are incorporated into, all Definitions, Requests, and Instructions:

1. All requests pertain to the entirety of the relevant period and should be updated regularly.

2. With respect to each document produced, Plaintiffs request that Defendant specify the Request(s) to which the document is responsive.

3. Pursuant to Fed. R. Civ. P. 34, each document shall be produced as it is kept in the usual course of business and shall be organized and labeled with the categories in these requests.

4. Defendants are under a duty to preserve documents and ESI related to this matter. Accordingly, Plaintiffs expect that Defendants and their counsel will prevent the destruction or alteration of any documents requested herein by the operation of any electronic information system (routine or otherwise) and hereby put Defendants on notice that any destruction or alteration of such documents, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be considered to be in "good faith" as contemplated in Fed. R. Civ. P. 37(f). If Defendants do not believe that it can reasonably comply with this instruction, Plaintiffs request that Defendants contact Plaintiffs, in writing, within 10 days from receipt of these Requests, to meet and confer about whether immediate Court intervention is necessary.

5

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
RELATED TO JURISDICTIONAL DISCOVERY TO DEFENDANTS
CASE NO. 17-CV-07232-BLS

5. Unless otherwise indicated, Plaintiffs request that Defendants produce responsive documents as follows:

 a. Document deliverables should be provided via secure file transfer. Should the file volume eclipse what is reasonably transferred in this manner, files should be provided on DVD, CD or external hard drive as needed.

 b. Documents should not be zipped, compressed, encrypted, or otherwise restricted or proprietarily protected for specific use.

 c. Paper documents should be scanned and processed to TIFF files. If a document is available to Defendants both in paper and electronic form, Plaintiffs request that Defendants produce the requested document in electronic form, as described herein.

 d. Pursuant to Federal Rule of Civil Procedure 3§4(b)(1)(C), Plaintiffs may specify the form or forms in which ESI is to be produced. Plaintiffs request that ESI be produced according to the instructions contained in <u>Attachment A</u>, or an ESI protocol, once agreed to by the parties.

 e. A cover letter or fact sheet should be included describing in as much detail as practicable the contents of the collection.

 f. All productions should be produced as they are ordinarily maintained, for example, organized by custodian or sources.

6. With respect to each request, Defendants are requested to provide all documents in Defendants' possession, custody, or control that are known to Defendants or that Defendants can locate or discover through reasonably diligent efforts.

7. If Defendants cannot respond or produce documents in response to any part of the following Requests in full, please respond to the extent possible, specifying the reason or reasons for Defendants' inability to respond or produce documents in response to the remainder of the Requests.

6

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
RELATED TO JURISDICTIONAL DISCOVERY TO DEFENDANTS
CASE NO. 17-CV-07232-BLS

8. If, to Defendants' knowledge, documents responsive to one or more requests were never in Defendants' possession, custody, or control, but are or have been in the possession, custody, or control of any other person, please identify all such persons.

9. If any responsive document was formerly in Defendants' possession, custody, or control, but has been eliminated from Defendants' possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

    a. The basis for withholding such document;

    b. A generic description of the document being withheld;

    c. The date the information contained in the document was learned or the document created;

    d. The identity of the individual(s) who learned the information or authored the document;

    e. The date the document was transmitted or otherwise made available to anyone; and

    f. The specific Request(s) to which the withheld document relates.

10. If requested documents are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the documents. For ESI that originates in a digital folder structure, please produce the folder names and relationships as metadata.

11. The scope of your search for ESI shall include all forms of ESI collection, preservation, transmission, communication and storage, including:

    a. All ESI generated and maintained in the ordinary course of business, including ESI stored on mainframe computers or local and network computers or drives or servers or any other media or location where ESI can be or is stored;

7

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
RELATED TO JURISDICTIONAL DISCOVERY TO DEFENDANTS
CASE NO. 17-CV-07232-BLS

  b. Distributed data or removable data, i.e., information which resides on portable media and non-local drives, including home computers, laptop computers, magnetic or floppy discs, CD-ROMS, DVDs, zip drives, Internet repositories including email hosted by Internet service providers, handheld storage devices such as PDAs, BlackBerry devices, cellular telephones, and flash memory drives;

  c. Forensic copy or backup ESI, including archive and backup data.

  d. Network ESI, including voice mail systems, email servers, ISP servers, network servers, cloud servers and fax servers.

  e. Legacy ESI, i.e., retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete.

  f. Metadata, i.e., information regarding a particular data set which describes how, when and by whom it was collected, created, accessed and modified and how it is formatted.

12. If Defendants objects to any of the definitions or instructions herein, please state such objection(s) in each response and indicate whether Defendants are complying with the definition or instruction in spite of the objection. If the objection goes to only part of a request, please produce all documents which do not fall within the scope of the objection.

13. In accordance with Fed. R. Civ. P. 26(b)(5), if any information or document responsive to these requests is withheld pursuant to a claim of attorney-client privilege, work product protection, or any other common law or statutory privilege or protection, please specify the following:

  a. the basis for withholding such information or document;

  b. a description of the nature of the information of document being withheld in a manner that will enable Plaintiffs to assess the claim of privilege;

  c. the date the information was learned or the document created;

8

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
RELATED TO JURISDICTIONAL DISCOVERY TO DEFENDANTS
CASE NO. 17-CV-07232-BLS

d.  the identity of the person(s) who learned the information, who were sent the information, and/or who authored the document, as well as their roles and job titles at the time;

e.  the date the information or document was transmitted or otherwise made available to anyone; and

f.  the specific discovery request(s) to which the withheld information or document relates.

14. Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in Defendants' possession, custody, or control, or the possession, custody, or control of Defendants' agents or anybody acting on Defendants' behalf.

## **JURISDICTIONAL DISCOVERY DOCUMENT REQUESTS**

### **REQUEST NO. 1:**

**Produce each age-restricted advertisement and each non-age-restricted advertisement related to employment purchased and/or published by or on behalf of Defendants, including by third parties, via Facebook's ad platform from December 15, 2016 to December 14, 2017, that was sent to Facebook users in California.**

This request includes, to the extent not already included, the image of the age-restricted advertisement and the "Why am I seeing this ad?" content that is displayed to Facebook users who receive such advertisement. An advertisement "that was sent to Facebook users in California" means any advertisement that had a geographic scope that included any part of California, such as an advertisement that targeted only users in Oakland, California, an advertisement that targeted only users in California, an advertisement that targeted only users in California and Oregon, or an advertisement that targeted users in the entire United States.

9

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
RELATED TO JURISDICTIONAL DISCOVERY TO DEFENDANTS
CASE NO. 17-CV-07232-BLS

**REQUEST NO. 2:**

**For each advertisement responsive to Request No. 1, produce documents sufficient to show the geography-based and age-based filters, targeting, exclusions, inclusions or other screening mechanisms that Defendants selected to determine the specific population of Facebook users who were eligible to receive the relevant advertisement.**

To the extent that the same documents include the filters, targeting, exclusions, inclusions or other screening mechanisms besides geography and age (such as interests, demographics, behaviors, fields of study, or other categories for limiting the population of persons who are eligible to receive the ads), and other information about the ad campaigns (such as amount that Defendants or a third party on behalf of Defendants paid to the relevant platform to purchase and/or publish the advertisement, the number of clicks and impressions purchased by Defendants or such third party for the advertisement, the number of unique clicks on the advertisement, the click through rate for the advertisement, the unique click through late for the advertisement, the potential reach or audience size of the ad, the estimated daily results reach of the advertisement, the number of likes or other interactions with the advertisement, the dates during which the advertisement was published, and any other information or data about the reach, cost, interaction by persons with, or performance of the advertisement)**,** please include and do not redact such information from the documents.

10

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
RELATED TO JURISDICTIONAL DISCOVERY TO DEFENDANTS
CASE NO. 17-CV-07232-BLS

**REQUEST NO. 3:**

**Produce documents sufficient to show each position at Defendants that Defendants advertised or identified on any web site or Facebook page to which the advertisements responsive to Request No. 1 linked, from December 15, 2016 to December 14, 2017, and the location of each such position (such as the City/State or remote).**

To the extent that the same documents include information about the jobs (e.g., job duties, scope, job descriptions, etc.) for such positions, please include and do not redact such information from the documents.

Dated: February 4, 2020    Respectfully submitted,

*/s/ Peter Romer-Friedman*
Peter Romer-Friedman (*pro hac vice*)
GUPTA WESSLER PLLC
190 L Street NW, Suite 312
Washington, DC 20036
Telephone: (202) 888-1741
Facsimile:   (202) 888-7792
E-mail: peter@guptawessler.com

Adam T. Klein (*pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: atk@outtengolden.com

Jahan C. Sagafi (Cal. Bar No. 224887) OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
E-mail: jsagafi@outtengolden.com

Pooja Shethji (*pro hac vice*)
OUTTEN & GOLDEN LLP
601 Massachusetts Ave. NW
Second Floor West
Washington, DC 20001
Telephone: (202) 847-4400
Facsimile: (646) 952-9114
E-mail: pdl@outtengolden.com
E-mail: pshethji@outtengolden.com

Patricia Shea (*pro hac vice*)
Katherine A. Roe (*pro hac vice*)
COMMUNICATIONS WORKERS
OF AMERICA
501 3rd Street, N.W.
Washington, DC 20001
Telephone: (202) 434-1100
E-mail: pats@cwa-union.org
E-mail: aroe@cwa-union.org

*Attorneys for Plaintiffs and the Proposed Plaintiff Class and Collective*

12

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
RELATED TO JURISDICTIONAL DISCOVERY TO DEFENDANTS
CASE NO. 17-CV-07232-BLS