**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Jason C. Schwartz
Direct: +1 202.955.8242
Fax: +1 202.530.9522
JSchwartz@gibsondunn.com

February 5, 2020

The Honorable Beth Labson Freeman
United States District Judge
United States District Court for the Northern District of California
280 South 1st Street
San Jose, CA 95113

Re:   <u>Bradley et al. v. T-Mobile US, Inc. et al</u>., No. 17-cv-07232-BLF (N.D. Cal.)

Dear Judge Freeman:

We write on behalf of Defendants Amazon.com, Inc. and T-Mobile US, Inc. in response to Plaintiffs' proposal for jurisdictional discovery. Pls.' Jurisdictional Discovery Requests ("JDR"), ECF No. 165. The Court should deny Plaintiffs' request.

*First*, the Court should not permit any jurisdictional discovery at this late juncture for the reasons discussed at the January 30, 2020 hearing and in Defendants' reply brief. Tr. 8:24-13:11, ECF No. 164; Reply 6, ECF No. 155. Plaintiffs waited to seek jurisdictional discovery until after they filed *five* deficient pleadings, Defendants briefed *three* motions to dismiss, and the Court heard argument on personal jurisdiction. Tr. 9:3-6; Reply 6. Moreover, *after* filing their Opposition to Defendants' motion to dismiss the Fourth Amended Complaint ("FAC"), Plaintiffs renewed their agreement not to seek discovery until after the Court decides the motion. Tr. 9:7; Reply 6; *see also* Dkt. 155-2 at 1 ¶ 3. Finally, jurisdictional discovery is unnecessary because no "controverted" facts "bear[] on the question of jurisdiction." Reply 6 (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)); *see also* Tr. 9:16-19. The allegations in the FAC do not establish the requisite connection between Defendants, this forum, and Plaintiffs' claims. Reply 6.

*Second*, Plaintiffs' proposal seeks a broad swath of information that has no relevance to the narrow personal jurisdiction issue before the Court and should also be denied on this basis. Tr. 67:23-68:3 (The Court: "[I]f [Plaintiffs' proposal] is too far ranging, that's grounds to deny it as well."). The only fact relevant to the jurisdictional analysis is whether Defendants directed age-targeted ads to Californians for video and sound production jobs in California for which Plaintiff Haynie claims to be interested and qualified—and this was the sort of request that Plaintiffs' counsel proposed to the Court at argument. *See* Tr. 30:17-31:2 (referring to ads "targeted to ... Berkeley and ten miles from Berkeley"). But Plaintiffs do not limit their requests to ads of that character. Instead, they request *all* employment ads displayed to

GIBSON DUNN

The Honorable Beth Labson Freeman
February 5, 2020
Page 2

Facebook users in California, *including "advertisement[s] that targeted users in the entire United States."* JDR No. 1 (emphasis added). The Court has made clear, however, that "a nationwide advertising campaign is not enough for personal jurisdiction in a particular state." Tr. 27:20-21. Nor do Plaintiffs limit the ads to video and sound production jobs. Plaintiffs also overreach by requesting *non-*age-restricted ads. *See* JDR No. 1 (emphasis added).[1] Plaintiff Haynie's claims plainly do not arise out of non-age-restricted Facebook ads.

*Finally*, Plaintiffs do not even limit their proposal to advertising. Instead, they ask for documents showing "each position at Defendants that Defendants . . . identified on any web site . . . to which the advertisements responsive to Request No. 1 linked." JDR No. 3. In practical terms, this would require compilation of *all* of the positions Defendants posted on their employment websites for the year before this suit was filed, even if those positions were *never* the subject of age-targeted advertising and have nothing to do with the positions in which Plaintiff Haynie claims an interest. As the Court observed, Plaintiffs' theory for imposing advertising liability based on ads unrelated to the jobs in which Plaintiff Haynie had an interest, articulated for the first time at the hearing, "[i]s pretty attenuated." Tr. 26:14. Information about *every* available job has not been the subject of prior discovery requests, is wildly overbroad, and may simply be infeasible to produce. Moreover, given the broad scope of Plaintiffs' requests, it would take at least 30 days to produce whatever information may be reasonably available.

Respectfully,

GIBSON, DUNN & CRUTCHER LLP               DAVIS WRIGHT TREMAINE LLP

/s/ Jason C. Schwartz                     /s/ Stephen M. Rummage
Jason C. Schwartz                         Stephen M. Rummage
Counsel for Amazon.com, Inc.              Counsel for T-Mobile U.S., Inc.

---

[1] Defendants have never agreed to produce non-age-restricted Facebook ads, and Plaintiffs' suggestion otherwise is inaccurate. *See* Tr. 30:25-31:14 (stating that Defendants "have agreed to produce . . . every job ad that was sent from the Defendant[s'] career websites on Facebook from December 2016 to the present"). In fact, Defendants only agreed that—after the Court rules on the motion to dismiss—they would not "object to producing copies of any *age-restricted* ads that they published on Facebook since December 20, 2016, to the extent such ads exist and remain in Defendants' possession." Dkt. 155-2 at 2 ¶ 6 (emphasis added).