

February 7, 2020

Judge Beth Labson Freeman
U.S. District Court for the
Northern District of California
280 South 1st Street
San Jose, CA 95113

Re:   <u>Bradley et al. v. T-Mobile US, Inc. et al.</u>, 17-cv-07232-BLF (N.D. Cal.)

Dear Judge Freeman:

I am writing to briefly respond to Jason Schwartz' February 5, 2020, letter regarding Plaintiffs' proposal for limited jurisdictional discovery, should the Court grant such discovery. Because the Court has already received substantial arguments and briefing on these issues, Plaintiffs will underscore several points.

First, in jurisdictional discovery Plaintiffs would seek all of the job ads that targeted California Facebook users during the year before the complaint was filed, because Plaintiff Richard Haynie and the California-based members of the Communications Workers of America were interested in receiving a range of job ads from Amazon and T-Mobile, especially general ads about both companies that would have directed the Plaintiffs and other Facebook users to the Amazon and T-Mobile careers web sites where all of their open positions were advertised, as opposed to only the job ads that specifically mentioned a particular job. *See* Fourth Am. Compl. ¶¶ 47-49, ¶¶ 31-38, 103-105, 108-109; *see also* ¶¶ 23-25. (Examples of those ads are in Ex. A, Dkt. No. 140-1). Indeed, liability under Plaintiffs' federal and state publication claims arises from Defendants excluding Plaintiffs and other older workers from Defendants' job advertising (and also publishing ads with biased content), as opposed to denying each Plaintiff a specific job. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss, Dkt. No. 147 at 15-21.

Second, the volume and scope of age-restricted ads that Defendants targeted towards California Facebook users during the relevant period will be key evidence of Defendants' substantial forum-related contacts that relate to the central legal claim of biased advertising. As the Court pointed out at the January 30, 2020, hearing on the motion to dismiss, critical to the question of specific personal jurisdiction is "looking at the defendant's conduct in the subject matter of the lawsuit which is targeting ads." Tr. of Proceedings Before Hon. Beth Labson Freeman at 35-36, No. 17 Civ. 7232 (BLF) (N.D. Cal.); *see Mavrix Photo Inc. v. Brand Technologies Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011) (analyzing specific jurisdiction based on internet activity focuses on the interactivity of a defendant's online presence, the geographic scope of its commercial ambitions, and the targeting of plaintiffs known to be in the forum).

Gupta Wessler PLLC
**1900 L Street, NW, Suite 312, Washington, DC 20036**
**P** 202 888 1741    **F** 202 888 7792
guptawessler.com



*Issues & Appeals*

Third, although neither personal jurisdiction nor the merits of Plaintiffs' publication claims turns on whether they each worker would have applied for a specific job had they seen an ad for that specific job, without meaningful discovery it would be impossible for Mr. Haynie or CWA's members to identify all of the available jobs they might have applied for had they received Defendants' ads and clicked on them to view the available positions. *Defendants*, not Plaintiffs, possess the information about what specific jobs were available on the careers web sites to which their ads directly linked. Defendants are once again attempting to dismiss this case by denying Plaintiffs information that they could use to show how they have been harmed.

Finally, while Plaintiffs have tried to narrowly tailor their jurisdictional discovery proposal to the issues the parties and the Court have raised on personal jurisdiction, Plaintiffs are, of course, willing to meet and confer with Defendants and to discuss limiting the scope of these requests. For example, Plaintiffs would be willing to consider removing from their jurisdictional discovery request the production of job ads that were not age-restricted.

Sincerely,

*/s/ Peter Romer-Friedman*

Peter Romer-Friedman
Counsel for the Plaintiffs

cc: Jason Schwartz, counsel for Defendant Amazon.com, Inc.
    Steve Rummage, counsel for Defendant T-Mobile US, Inc.

Gupta Wessler PLLC
**1900 L Street, NW, Suite 312, Washington, DC 20036**
**P** 202 888 1741    **F** 202 888 7792
guptawessler.com